Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
abacon@attorneysforconsumers.com

*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN YANG, individually, and on all others similarly situated,<br><br>Plaintiff,<br><br>    vs.<br><br>NAVIENT SOLUTIONS, INC. and DOES 1-10, inclusive,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>**(1) Breach of Settlement**<br><br>**AND VIOLATIONS OF:**<br><br>**(2) Rosenthal Fair Debt Collection Practices Act [Cal. Civ. § 1788 et seq.]**<br>**(3) California Consumer Credit Reporting Agencies Act [California Civil Code § 1785.25]**<br>**(4) Unfair Business Practices [California Business and Professions Code §17200]**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**(Amount to exceed $25,000)** |

Plaintiff, Susan Yang ("Plaintiff"), individually, and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

### NATURE OF THE CASE

1.      This is a class action brought on behalf of all individuals in California who Defendant reported derogatory information on their credit, in violation of the Rosenthal Fair

Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; and for Defendant's violations of the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25 (a) (hereinafter "CCRA"), which regulates the collection, dissemination, and use of consumer information, including consumer credit information. Further, such actions when done systematically to thousands of consumers nationwide constitutes unfair business practices in violation of California Business and Professions Code §17200 (hereinafter, "BPC").

**JURISDICTION & VENUE**

2.    Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business and State of Incorporation in Virginia state.  Plaintiff also seeks damages, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.    Plaintiff is a resident of Los Angeles, California.

4.    Venue is proper here, because Plaintiff resides and Defendant does business in Los Angeles County.

**PARTIES**

5.    Plaintiff, Susan Yang ("Plaintiff"), is a natural person residing in Los Angeles County in the State of California who allegedly owed or owes a debt and is thereby and  is a "debtor" as defined by *Cal. Civ. §1788.2(h)*. Plaintiff is also a "consumer" as defined by 15 U.S.C. §1681a.

6.    At all relevant times herein, Defendant, Navient Solutions, Inc. ("Defendant" or "NAVIENT SOLUTIONS"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff and others which qualifies as a "consumer debt," as

defined by *Cal. Civ. §1788.2(c)*.  Defendant regularly attempts to collect debts alleged to be due themselves, and therefore is a "debt collector" as defined by the RFDCPA, *Cal. Civ. §1788.2(c)*.

7.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

8.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

### FACTUAL ALLEGATIONS

9.     Beginning in or around April of 2015, Defendant began contacting Plaintiff in an attempt to collect an alleged outstanding debt. Plaintiff is reasonably informed and believes that Plaintiff has already settled this alleged debt.

10.     Prior to April of 2015, Plaintiff entered into a settlement agreement whereby she had settlement the alleged debt which Defendant seeks to collect.

11.     Despite this, Defendant continued to take out sizable amounts of money from Plaintiff's account.

12.     Further, Defendant failed to properly report the payments taken from Plaintiff's account as well as the status of the settlement debt on Plaintiff's credit report.

13.     §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to

1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

14.     Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

a) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

b) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f));

c) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§ 1692f(1));

d) Collecting an amount from Plaintiff that is not permitted by law (§ 1692f(1));

e) Communicating or threatening to communicate credit information which is known or which should be known to be false (§1692e(8)); and

f) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10)).

15.     Further, Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies.

16.     Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

17.     As a result of Defendant's inaccurate reporting of Plaintiff's accounts, Plaintiff's credit score decreased.

18.     The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

19.     The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

20.   Plaintiff has been damaged, and continues to be damaged, in the following ways:

> a.  Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown; and
> b.  Decreased credit score which may result in inability to obtain credit on future attempts.

21.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

22.     At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiffs herein.

23.     Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

24.     Further, Defendant failed to notify Plaintiff of their intention to report negative information on their credit reports.  Defendant then failed to correct the disputed information within thirty days of Plaintiff's dispute of that information.

25.     As a result of the above violations of the RFDCPA and CCRA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

26.     Plaintiff is informed, believes and based thereon alleges that Defendant has engaged in these unfair business practices systematically to thousands of consumers nationwide in violation of California Business and Professions Code §17200.

## CLASS ALLEGATIONS

27.     Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter the "Class") defined as follows:

> All persons in the United States who Defendant failed to update its reporting to credit reporting agencies within four calendar years from the filing of the instant complaint

28.     Specifically excluded from the proposed Class are Defendant; any entities in which Defendant has a controlling interest; and the employees, officers, directors, affiliates, legal representatives, subsidiaries, and affiliates of Defendant.  The Class' claims are based on the RFDCPA, the CCRA, and the CBP.

29.     This action is brought and may be properly maintained as a class action.  This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements for a class action.

30.     The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is

informed and believes and thereon alleges that the Class includes thousands of members. Plaintiff alleges that the Class members may be ascertained by the records maintained by Defendant.

31.     Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class.   These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

a.     Whether Defendant does not implement a policy of updating reporting information when a debt status has changed or payments are made to that debt; and

c.     The nature and extent of damages and other remedies to which the conduct of Defendant entitles the Class members.

32.     Plaintiff is asserting claims that are typical of the Class because every other member of The Class, like Plaintiff, were exposed to virtually identical conduct and are entitled to statutory damages in addition to actual damages and reasonable attorneys' fees and costs.

33.     Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

34.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class  members is impracticable.   Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.   Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

35.     The prosecution of separate actions by thousands of individual Class members

would also create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper disclosures which Defendant must provide to all Class members when attempting to collect alleged debts.

36.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

37.     Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## <u>COUNT I: BREACH OF SETTLEMENT AGREEMENT</u>
(By Plaintiff and the Class Against All Defendants)

38.     Plaintiff re-alleges and incorporates by reference as fully set forth herein paragraphs 1-37.

39.     The Agreement at issue is a written agreement that was entered into between competent parties, by executing the Agreement after a thorough review and the advice of their counsel. The Agreement contained bargained for and adequate consideration and a valid offer and acceptance. Thus, there was a valid and binding contract between the parties. At all times relevant herein, the Agreement was binding on Plaintiff and Defendant.

40.     To date, Plaintiff has performed all obligations and has met all terms and conditions required of her, in accordance with the terms of the Agreement. However, Defendant has failed to perform its under the Agreement and refuses to do so, despite the fact

that the conditions required under the Agreement, requiring Defendant's performance, have already occurred.

41.     Plaintiff has been harmed by Defendant's failure to perform its obligations under the Agreement under the valid and binding contract between the parties. Plaintiff has suffered financial and emotional harm and has incurred attorney's fees and costs as a proximate result of Defendant's breach of Settlement Agreement and contract.

## COUNT II: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT
(By Plaintiff and the Class Against All Defendants)

(By Plaintiff and the Class Against All Defendants)

42.     Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

43.     Plaintiff alleges that to the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

44.     As a direct and proximate result of Defendant's violations of *Cal. Civ. § 1788 et seq.*, Plaintiff and the members of the Class have suffered injury, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to *Cal. Civ. § 1788.30.*

45.     The violations of *Cal. Civ. § 1788 et seq.* described herein present a continuing threat to members of the Class and members of the general public in that Plaintiff is informed and believes and thereon alleges that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

## COUNT III: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT
## REPORTING AGENCIES ACT
(By Plaintiff and the Class Against All Defendants)

46.     Plaintiff incorporates by reference all of the proceeding paragraphs.

47.     California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

48.     California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

49.     California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

50.     Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

51.     Based on these violations of Civil Code § 1785.25 (a), Plaintiff and Class Members are entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## COUNT IV: VIOLATION OF UNFAIR BUSINESS PRACTICES ACT
### (By Plaintiff and the Class Against All Defendants)

52.     Plaintiff incorporates by reference each allegation set forth above.

53.     Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the BPC.  Such violations of the BPC occur as a result of unlawful, unfair or fraudulent business acts and practices.  A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's

conduct created a risk of harm.  Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

UNFAIR

54.     California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice."  Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the BPC in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices.  Such conduct is ongoing and continues to this date.

55.     In order to satisfy the "unfair" prong of the BPC, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

56.     Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class.  Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to not properly update reporting of consumers' information. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

57.     Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Thus, the injury suffered by Plaintiff and the members of the Class is not outweighed by any countervailing benefits to consumers.

58.     Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided. Defendant failed to take reasonable steps to inform Plaintiff and class members of the inaccurate credit reporting.  As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the

Class members.  Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

59.   Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

FRAUDULENT

60.   California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice."   In order to prevail under the "fraudulent" prong of the BPC, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

61.   The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.  Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

62.   Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant.

63.   As explained above, Defendant deceived Plaintiff and other Class Members by representing the higher interest as producing the services.

64.   Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

UNLAWFUL

65.   California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

66. As explained above, Defendant deceived Plaintiff and other Class Members.

67.   These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq.*

68.   Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief.   Additionally, pursuant to Business and Professions Code

section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants, and each of them:

1. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

2. For statutory damages for Plaintiff and each member of The Class;

3. For actual damages according to proof;

4. For reasonable attorneys' fees and costs of suit;

5. For prejudgment interest at the legal rate; and

6. For such further relief as this Court deems necessary, just, and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of each and every claim so triable.

Respectfully submitted,

Dated:  February 3, 2016            **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**


                                    **s/ Todd M. Friedman**
                                    Todd M. Friedman
                                    Attorneys for Plaintiff

---

**CLASS ACTION COMPLAINT**
**-13-**